IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| DORIAN WALLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 16-2133-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Dorian Walls ("Walls"), Bureau of Prisons register number 25307-076, an inmate at Forest City-Medium FCI in Forest City, Arkansas (§ 2255 Motion, ECF No. 1). For the reasons stated below, Walls's § 2255 Motion for *Johnson* relief is **DENIED**.

## BACKGROUND

On June 26, 2012, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Walls charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The parties entered into a plea agreement, and the Court accepted Walls's change of plea at a hearing on November 16, 2012. The Court sentenced Walls on March 7, 2013, to a term of incarceration of 120 months to be followed by three years' supervised release. (*See* Judgment, ECF No. 40.) Walls did not take a direct appeal.

Walls filed his § 2255 Motion on February 24, 2016, arguing that he was entitled to a reduced sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of Walls's claim under *Johnson v. United States*. On November 17, 2016, the probation officer submitted a memorandum to the Court, recommending that Walls was not entitled to any relief under *Johnson*.

## ANALYSIS

**I. Claim for *Johnson* Relief**

The Court holds that Walls is not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted felons, to possess firearms and provides for a punishment of up to ten years' imprisonment.[1] The Armed Career Criminal Act increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[2] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to

---

[1] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[2] *Id.* (citing 18 U.S.C. § 924(e)(1)).

2

another."³  The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.⁴  *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed.  In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

The Court sentenced Walls as an armed career criminal based on three prior convictions under Tennessee law: (1) Voluntary Manslaughter (committed in 1999); (2) Aggravated Robbery (also committed in 1998); (3) Unlawful Possession of Cocaine with Intent to Sell, a Class B felony (committed in 2007).  However, the Supreme Court's intervening decision in *Johnson* had no effect on Walls's sentence as an armed career criminal because none of Walls's prior felony offenses implicate the ACCA's residual clause.  First, the Sixth Circuit has recently held that voluntary manslaughter under Georgia law falls under the ACCA's use-of-force clause because a crime that causes the death of another "necessarily requires proof that the individual used 'force capable of causing physical pain or injury.'"⁵  Georgia's statute makes it a crime to "cause[] the death of another human being under circumstances which would otherwise be murder and if he

---

³ 18 U.S.C. § 924(e)(2)(B)

⁴ *Johnson*, 135 S. Ct. at 2257.

⁵ *United States v. Jackson*, --- F. App'x ---, 2016 WL 3619812, at *2 (6th Cir. July 1, 2016) (citing *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012)).

acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person."[6] In this case Walls was previously convicted of voluntary manslaughter under Tennessee law. Much like the Georgia statute at issue in *Jackson*, Tennessee's statute defines voluntary manslaughter as "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner."[7] The Court finds the Sixth Circuit's reasoning in *Jackson* persuasive and holds that Walls's prior Voluntary Manslaughter conviction continues to qualify as a violent felony under the ACCA's use-of-force clause.

Second, Walls's Aggravated Robbery conviction qualifies as a violent felony under the ACCA's use-of-force clause. Walls's Aggravated Robbery conviction was based on Tenn. Code Ann. § 39-13-402, which defines certain aggravating factors and applies them to Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401. In *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), the Sixth Circuit held that robbery under Tenn. Code Ann. § 39-13-401 was categorically a "violent felony" for purposes of the ACCA, specifically under the use-of-force clause.[8] And in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), a case decided after the Supreme Court's decision in *Johnson*, the Sixth Circuit held that *Johnson* did nothing to alter its previous holding in *Mitchell*.[9] It follows that Aggravated Burglary also constitutes a "violent

---

[6] *Id.* at *1 (citing Ga. Code Ann. § 16–5–2(a).

[7] Tenn. Code Ann. § 39-13-211.

[8] *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014).

[9] *United States v. Priddy*, 808 F.3d 676, 686 (6th Cir. 2015).

4

felony" under the ACCA's use-of-force clause. Therefore, Walls's prior Aggravated Burglary conviction continues to be a violent felony under the ACCA's use-of-force clause.

Finally, Walls's conviction for Unlawful Possession of Cocaine with Intent to Sell qualifies as a serious drug offense for purposes of the ACCA. The ACCA defines a "serious drug offense" to include an "offense under State law, involving . . . possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."[10] Here Walls was convicted of a Class B felony under Tenn. Code Ann. § 39-17-417, which made it a crime "for a defendant to knowingly [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance"[11] and classified a violation of the statute involving 0.5 grams or more of any substance containing cocaine as a Class B felony.[12] Under the Tennessee Criminal Sentencing Reform Act of 1989, a Class B felony carries an overall maximum term of imprisonment of 30 years and even under Range I, the lowest range for offenders with the fewest number of prior convictions, a maximum term of

---

[10] *See* 18 U.S.C. § 924(e)(2)(A)(ii) (defining an a "serious drug offense" to include an "offense under State law, involving . . . possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law).

[11] Tenn. Code Ann. § § 39-17-417(a)(4).

[12] Under the Tennessee Criminal Sentencing Reform Act of 1989, "all felony offenses are classified based on severity of offense with letter designations: the most serious felonies graded as Class A and the least serious as Class E . . . ." § 40-35-101, Cmt. of the Tenn. Sentencing Comm'n. Furthermore, "[e]ach felony class carries a maximum and minimum sentence" and "is divided into three ranges called Range I, Range II and Range III" where each "'range' determination is based upon the number of prior convictions which, in turn, determines the potential span for that particular offender." *Id.*

12 years' imprisonment. The Court concludes that Walls's 2007 drug offense satisfies the ACCA's definition of a "serious drug offense" and qualifies as an ACCA predicate conviction. Therefore, Joy's prior drug offense does not implicate the ACCA's residual clause.

Having determined that all three of Walls's prior felony convictions continue to be "violent felonies" for ACCA purposes and do not implicate the ACCA's residual clause, the Court holds that Walls is not entitled to relief under *Johnson*. Therefore, Walls's §2255 Motion for Johnson relief must be **DENIED**.

**II. Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[13] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[14] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[15] A COA does not require a showing that the appeal will succeed.[16] Courts should not issue a COA as a matter of course.[17]

---

[13] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[14] 28 U.S.C. §§ 2253(c)(2) & (3).

[15] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[16] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

In this case, for the reasons previously stated herein, the issues raised by Walls in support of his § 2255 Motion lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[18] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[19] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[20] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[21]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**,

---

[17] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[18] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[19] *Id.* at 952.

[20] *See* Fed. R. App. P. 24(a)(1).

[21] *See* Fed. R. App. P. 24(a) (4)-(5).

pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[22]

## **CONCLUSION**

Walls's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court further denies Walls a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 5, 2016.

---

[22] If Walls files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.