# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DORIAN WALLS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 16-2133-STA-cgc |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND MOTION TO ALTER JUDGMENT

On December 5, 2016, the Court denied a Motion for Relief From Judgment filed by Petitioner Dorian Walls, Bureau of Prisons register number 25307-076, an inmate at Forest City-Medium FCI in Forest City, Arkansas. Walls's § 2255 Motion argued that Walls was entitled to a reduced sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court disagreed and concluded that Walls's prior convictions continued to qualify as "violent felonies" for purposes of the Armed Career Criminal Act ("ACCA"). The Court held that Walls was not entitled to a certificate of appealability or leave to proceed on appeal in forma pauperis. The Clerk of Court entered judgment on December 5, 2016.

On December 16, 2016, Walls filed a Motion for Reconsideration (ECF No. 8) and on January 1, 2017 a Motion to Alter Judgment (ECF No. 9). Both Motions seek essentially the same relief. Walls requests that the Court reconsider its decision to deny a certificate of appealability and to deny leave to appeal in forma pauperis. For cause Walls argues that he can satisfy the standard for a certificate of appealability because reasonable jurists could disagree over whether his prior conviction for voluntary manslaughter under Tennessee law constitutes a

crime of violence under the ACCA's use of force clause. Walls cites the concurring opinions of Judge Helene N. White of the United States Court of Appeals for the Sixth Circuit in two separate cases presenting the issue of whether voluntary manslaughter under the laws of two other states (Ohio and Georgia) are crimes of violence for purposes of the ACCA. In her recent concurrence in *United States v. Jackson*, Judge White agreed that *Jackson* was "controlled by the majority opinion in *United States v. Anderson*, 695 F.3d 390 (6th Cir. 2012)."[1] Judge White wrote separately "simply to state that I continue to disagree with this aspect of the majority's holding in *Anderson*, as explained in my partial concurrence, 695 F.3d at 403–06."[2] Walls argues that Judge White's concurring opinions demonstrate that reasonable jurists might disagree with this Court's conclusion that voluntary manslaughter under Tennessee law is a crime of violence under the ACCA's use of force clause.

As the Court explained its order of dismissal, 28 U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[3] The COA must indicate the specific issue(s) that satisfy the required showing.[4] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[1] *United States v. Jackson*, 655 F. App'x 290, 293 (6th Cir. 2016) (White, J., concurring).

[2] *Id.*

[3] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[4] 28 U.S.C. §§ 2253(c)(2) & (3).

encouragement to proceed further."[5] A COA does not require a showing that the appeal will succeed.[6] Courts should not issue a COA as a matter of course.[7]

In this case, for the reasons previously stated in the Court's order of dismissal, Walls's post-judgment Motions lacks merit. The Court continues to find that reasonable jurists could not debate its previous ruling on the merits of Walls's § 2255 Motion. While it is true that Judge White has written separate, concurring opinions in two cases presenting the question of whether voluntary manslaughter is a crime of violence under the ACCA's use of force clause, the fact remains that the law in this Circuit is now clearly established: a crime that causes the death of another "necessarily requires proof that the individual used 'force capable of causing physical pain or injury.'"[8] The issue presented in Walls's post-judgment Motions then is not whether reasonable jurists could disagree with the conclusions reached in *Jackson* and *Anderson*; Judge White did just that. The issue presented is whether reasonable jurists could debate whether *Jackson* and *Anderson* are now binding precedent and control the outcome of Walls's case. This was the Court's holding, namely, that *Jackson* and *Anderson* have answered the question of whether voluntary manslaughter under Tennessee law constitutes a violent felony under the ACCA's use of force clause. In fact, Judge White's concurrence in *Jackson* shows that while she might disagree with the outcome, Judge White recognizes that *Anderson* is now the law of the Circuit. Therefore, Walls has not shown an entitlement to a certificate of appealability or any

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[6] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[7] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[8] *Jackson*, 655 F. App'x at 292-93 (citing *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012)).

grounds for the Court to alter its judgment. As a result, the Motion for Reconsideration and the Motion to Alter Judgment must be **DENIED**.

    **IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: January 25, 2017.